# Stephen Cominskey, Appellant, *v.* The Connellsville, New Haven and Leisenring Street Railway Company.

*Negligence—Street railway—Infant—Speed of car.*

In an action against a street railway to recover damages for death of a child of six years and four months old, run over and killed by a car while playing in the street, it appeared that the child was running the same way with the car with some other children, and that he attempted to run around in front of it. The plaintiff's case rested upon the allegation that the car was run at undue speed. One of the witnesses testified that " the car was going awful fast," another that " it seemed to me she was running quite lively," another, " I noticed the motorman stopping the car as quick as he could ; " and the same witness, who was uncontradicted, testified, " that the car was stopped in half its length." There was no evidence of want of care on the part of the motorman, either before or after the child had been seen by him. The trial judge left the case to the jury on the question of negligence " in the fast running of the car and possibly in the unskillfulness of the person having the car in charge." The jury found a verdict for the plaintiff of six and one quarter cents. *Held,* That the defendant was entitled to a compulsory nonsuit, and that the plaintiff had no standing to complain of the charge of the court as inducing an inadequate verdict.

Argued April 21, 1897.    Appeal No. 143, April T., 1897, by plaintiff, from judgment of C. P. Fayette Co., Dec. T., 1895, No. 59, on verdict for plaintiff.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Affirmed.

Trespass for injuries resulting in death of plaintiff's son. Before BARKER, P. J., of the 47th judicial district, specially presiding.

Plaintiff's son, a boy of six years and four months old, was run over and killed by a car of defendant's railway. It appeared from the evidence that the car was running at a speed of from seven to eight miles an hour, that the motorman noticed, before he reached them, some six or seven children near the street car track ahead of him and turned off his current, stopping the car in half its length. Alighting from the car he then found it had struck a little girl in the head, and that plaintiff's son had been run over and received injuries from which he died the next morning.

632    COMINSKEY, Appellant, v. RAILWAY CO.

Statement of Facts—Assignment of Errors. [4 Pa. Superior Ct.

Other facts appear in the opinion of the court.

The trial judge left the question to the jury as to defendant's negligence arising from the speed of the car and its conduct by the motorman.

Verdict and judgment for plaintiff for 6¼ cts.    Plaintiff appealed.

*Errors assigned* were (1) in charging the jury as follows : " It is not necessary for the purposes of this case, to go into any lengthy explanation of negligence, because it seems that the negligence alleged in this case is the fast running of a car, and possibly the unskillfulness of the person having the car in charge." (2) In charging the jury as follows : " Now it was with some hesitation that we entered into the defendant's side of this case, because the only evidence we had of the rate of speed on the part of the plaintiff was. that one witness said that the car was running pretty fast, and the other one, who was approaching it—who was going in the opposite direction and could see it approaching him—made a somewhat similar expression—that it was running pretty fast, or something of that kind." (3) In charging the jury as follows : " Well, as we have suggested, it is necessary that these cars should run pretty fast, otherwise they would be useless, but we concluded that we would hear the defendant's testimony as to how fast it was running and then let you determine whether or not it was an unreasonable rate of speed considering the locality and other circumstances of the case." (4) In charging the jury as follows : " You must say whether that was an unreasonable rate of speed, such as would be dangerous, considering the likelihood of people to get on the track there, and all the other circumstances, and if you conclude that it was not an unreasonable rate of speed, that would end the case and you should find a verdict for the defendant." (5) In charging the jury as follows : " It is entirely clear to us that if this boy had been a grown person, he couldn't recover here.    There is no question at all in our mind, under the law —and indeed it couldn't be contemplated—that if a grown person would start to run across the track, or get upon the car in the manner that Mrs. McCaffrey testified that this boy did, he couldn't recover a cent of damages if he was injured, or anybody else, if he was caught, and why? Because it would be

his own fault, and the law is, that where a person contributes to the cause of injury he cannot recover." (6) In charging the jury as follows : " The law has not laid down the precise period in the age of a child when this occurs, although some judges have undertaken to place it at about the age of this child— about six years—when its reasoning powers are developed so that it can be held to a strict responsibility for its acts.

But the law is, in regard to children, that unless they are so small and of such tender years that it is apparent to the jury that they can have no responsibility, they must be held to such responsibility in the exercise of discretion as their age would warrant. The jury is permitted to say whether children are of that age and mental capacity, that they are able to judge of the consequences of their acts, and if they are, they are held to a degree of responsibility proportionate to their age and mental capacity." (7) In charging the jury as follows : " If you believe from the testimony of these two witnesses that these children made a break for the car and got under it, or, as the young man who says he was on the front of the car, testifies, they were playing there—chasing each other—and in the excitement of their play they rushed in front of this car so suddenly that the car couldn't have been stopped, regardless of the rate of speed it was running at, of course, the rate of speed wouldn't have anything to do with the case. If they rushed under, either in play or in an attempt to cross, or in an effort to get on the car as one of the witnesses thinks, then it wouldn't make any difference about the speed of the car, if they did this so suddenly that the car couldn't be stopped and the child's life saved. Now I don't know of any other instruction we can give you except as to the measure of damages in cases of this kind." (8) In charging the jury as follows : " There is no evidence here of any medical attendance being paid for, or any expense for burial, and therefore they would not be elements of expense." (9) The charge as a whole was misleading and inadequate to the case.

*Edward Campbell*, with him *R. P. Kennedy*, for appellant.— No case of the death of a relative by negligence, can possibly constitute a case where the jury would be justified in giving nominal damages : Iron Co. v. Rupp, 100 Pa. 95 ; Railroad Co. v. Keller, 67 Pa. 300.

This is a case for exemplary damages, as the Supreme Court of this state has often decided: Railway Co. v. Rosenzweig, 113 Pa. 519; Traction Co. v. Orbann, 119 Pa. 37.

A child six or seven years of age was killed by the defendant's train. No proof of pecuniary damage was necessary: Oldfield v. Railroad Co., 14 N. Y. 310.

Request to charge that nominal damages for the death of a child were recoverable was properly refused: Prendegast v. Railroad Co., 58 N. Y. 652.

The appellant contends that the general effect of the charge of the court below was to mislead the jury both as to law and facts. Such a general effect of the charge was erroneous : Canal Co. v. Harris, 101 Pa. 80, 93; Railroad Co. v. Brandtmaier, 113 Pa. 610.

*R. E. Umbel*, of *Boyd & Umbel*, for appellee.—The motorman of the defendant company had no reason to anticipate that the child would be on the track. There is no evidence that he saw the child start towards the track; he was not in a position to do so from his place in the front part of the car. There could, therefore, be no negligence on his part that would contribute to the child's injuries : Fleishman v. Railroad Co., 174 Pa. 510.

There being no public crossings at the place where this child received his injuries resulting in his death, the railroad company had the exclusive right to its track, and it owed no duty to the father of the child trespassing thereon, nor to the child itself: Cauley v. Railroad Co., 95 Pa. 398.

OPINION BY BEAVER, J., May 10, 1897 :

The court below would have been entirely justified in granting a nonsuit at the close of the plaintiff's testimony. The case of the plaintiff was based upon the negligence of the defendant which consisted in the alleged unusual and unnecessary speed at which the car, which struck the plaintiff's child and caused its death, was running at the time of the accident. One witness said "the car was moving awful fast," another "it seemed to me she was running right lively." Another who was immediately beside the car at the time of the accident says: "I cannot tell what the speed of the car was, but I noticed the motorman stopping the car as quick as he could." The testi-

mony of the same witness not contradicted establishes the fact that the car was stopped in a distance of about one half of its length; she also says " the children were more at the side than in advance of the car, the car was pretty near as far ahead as they were at the time they were trying to cross the track; it seemed to me they were trying to cross the track ahead of the car," and on her cross-examination, " I only saw two children, they were running in the same direction as the car and as though they were trying to run around in front of the car." The facts of this case as shown by the plaintiff are strikingly similar to Moss v. Phila. Traction Co., 180 Pa. 389, in which a compulsory nonsuit was entered in the court below and affirmed in the Supreme Court. The trial judge in the court below however concluded to hear the testimony of the defendant and in consequence of what was therein developed left the facts of the case to the determination of the jury. With the manner in which the facts were so submitted the plaintiff has little cause for complaint. It is evident that the plaintiff suffered nothing from the instructions of the court either as to the negligence of the defendant or the possibility of contributory negligence by the child who was killed, for the former must have been found to exist and the latter to have had no existence, or the verdict could not have been found for the plaintiff. The submission to the jury of the question of the age at which children become responsible for the consequences of their acts might have been justly complained of, if the verdict had been the other way, but it did the appellant no harm for it was found in his favor and he is therefore in as favorable a position as if the court below had ruled as matter of law that the child was not responsible. The real complaint of the appellant is as to the inadequacy of the verdict, and of this he would have a right to complain in a case which was entitled to be submitted to the jury. The instructions of the trial judge as to the measure of damages were entirely correct and are evidently so regarded by the appellant, for they are not assigned for error.

There was no error in saying to the jury " There is no evidence here of any medical attendance paid for, or any expense for burial, and therefore they would not be elements of expense." If the appellant had paid or was liable to pay for medical attendance or undertaker's services he should have shown it.

The doctor who attended the child was examined as a witness. If there had been any charge for his services a single question would have developed the fact. He testifies however that he took the child to the hospital where it was cared for.

In our view of this case however it should not have been submitted to the jury. The appellant should not have been permitted to recover either upon his case as he presented it, or as it was developed by the entire testimony.

There is therefore no error of which he can justly complain, and the judgment is affirmed.