## Gress v. Railway Company.

*Street railways—Evidence of negligence—Question for jury—Speed of car.*

The accepted definition of negligence in Pennsylvania is "the absence of care according to circumstances." The case was properly for the jury in an action for negligence where the evidence showed that at the point where the accident occurred defendants' double track street railroad occupies the entire width of a township road along a hillside; that the outside track was in a dangerous condition, unsafe for travel either by cars or other vehicles and that this required the plaintiff to drive on the inside track and that it was this necessity which occasioned the accident. The main question in the case being that of defendant's negligence and the only alleged ground being the speed of the car, there being testimony that the car on an ascending grade was running at such speed as to carry the horse, buggy and occupants 100 feet, this of itself was some evidence of negligence and was sufficient to carry the case to the jury, the other circumstances being such as to demand extreme care on the part of the defendant.

Argued May 9, 1900. Appeal, No. 114, April T., 1900, by defendant, in suit of I. R. Gress against the Braddock & Homestead Street Railway Company, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1898, No. 77, on verdict for plaintiff. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed. Opinion by Beaver, J.

Trespass. Before Slagle, J.

It appears from the record and evidence that this and the following case which were argued together, were brought for I. R. Gress and O. N. Gress to recover damages for injuries alleged to have been sustained by negligence of the defendant railway company by a collision of a car with a buggy in which plaintiffs were driving.

88 GRESS *v.* RAILWAY CO.

Statement of Facts—Opinion of the Court. [14 Pa. Superior Ct.

At the point where the accident occurred, the defendant's double track street railway occupies a township road along the hillside. The two tracks occupy practically the entire width of the road. The plaintiffs were familiar with the road and its condition, having driven over it frequently.

The night on which the accident happened was a very dark night, and at the place where the accident occurred there were no lights. The plaintiffs were driving on the east bound track and drove directly into the front of the moving electric car. The headlight was burning and the car was lighted by electricity so that passengers in the car could see to read by it.

The court below submitted the case to the jury solely on the question of negligence in the speed of the car.

Verdict and judgment for I. R. Gress for $300. Defendant appealed.

*Error assigned* was in answer to defendant's first point in each case which was as follows : " That under the pleadings and evidence in the case the verdict should be for the defendant. *Answer :* Refused."

*J. H. Beal,* with him *Knox & Reed,* for appellant.—The conclusive fact as to the speed of the car is this : The car was moving so quietly that neither of the plaintiffs heard it until it was within a few feet of them. If the car had been moving rapidly common experience teaches us that it would have made sufficient noise to have been heard by parties driving along the track at a walk.

As to the measure of proof required to show negligence in the speed of the car, see Yingst v. Traction Co., 167 Pa. 438, and Moss v. Traction Co., 180 Pa. 389.

*A. M. Brown,* for appellees.—The court could not properly invade the province of the jury and take upon itself the determination of the facts thus in dispute : Philpott v. Railway Co., 175 Pa. 570 ; Callahan v. Traction Co., 184 Pa. 425.

OPINION BY BEAVER, J., July 26, 1900 :

The wisdom of our accepted definition of negligence, " the absence of care according to circumstances," was perhaps

never better illustrated than in the present case. We have no hesitation in saying that, if the circumstances surrounding the occurrence which gave rise to the present action had been of the ordinary character, the defendant's prayer for binding instructions, the refusal of which constitutes the only assignment of error, should have been affirmed. The circumstances were not ordinary. As stated by the appellant in the history of the case: "At the point where the accident occurred the defendant's double track street railway occupies a township road along the hillside. The two tracks occupy practically the entire width of the road." There was evidence that the outside track was in a dangerous condition, unsafe for travel either by cars or other vehicles. This practically required the plaintiff to drive upon the inside track and it was this necessity which occasioned the accident.

The main question in the case was that of negligence on the part of the defendant and the only alleged ground of such negligence was the speed of its car. As to this the testimony of the plaintiff and her sister was neither clear nor specific and, if there were nothing else in the case, would have been clearly insufficient to establish negligence. The circumstances, however, were such as were necessarily taken into consideration and it was mainly in view of them that the court below left the question to the jury. The car of the defendant, upon an ascending grade, was running at such a rate as to carry the horse, buggy and occupants, according to the plaintiff's testimony, 100 feet. This of itself was some evidence of negligence for, under the circumstances, there should have been extreme caution, and this is the only ground upon which we conceive the case could have been submitted to the jury. It is a close question but, under all the circumstances, seems to have been properly submitted to the jury for their consideration. The general charge of the court was clear, adequate and exhaustive. It is not complained of by the appellant, its only complaint being that the case was not taken from the jury and a verdict directed for the defendant. Under the circumstances, we are of opinion that the point for such instructions was properly refused. There is nothing else in the case and the judgment is affirmed.