## Hooper *v.* United Traction Company (No. 1).

*Negligence—Street railways—Speed of car—Infant.*

In an action by a child five years old against a street railway company
to recover damages for personal injuries where the question of defendant's
negligence turns upon the speed of the car, the case is for the jury, and a
verdict and judgment for plaintiff will be sustained where the motorman
testifies that the car was running at the rate of eight miles per hour, which
was the legal rate in the city where the accident occurred, but a witness
for plaintiff testifies that he supposed the car was running from fifteen to
eighteen miles an hour, and it also appears that the car ran upon an up
grade from eighty-five to 150 feet after the child was discovered.

Submitted May 11, 1901.   Appeal, No. 14, April T., 1901,
by defendant, from judgment of C. P. No. 2, Allegheny Co.,
April T., 1898, No. 15, on verdict for plaintiff in case of Raphael
T. Hooper, by his father and next friend, Robert T. Hooper, v.
The United Traction Company, Lessee of Second Avenue Trac-
tion Company.   Before RICE, P. J., BEAVER, ORLADY, W. W.
PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before
SHAFER, J.

At the trial it appeared that the plaintiff, who at the time of
the accident was about five years old, was injured on Septem-
ber 18, 1897, at 7:30 o'clock P. M. by a car on Market street
in the city of McKeesport.   The question turned on the speed
of the car.   The circumstances connected with the accident are
stated in the opinion of the Superior Court.

The trial judge submitted the case to the jury.

Verdict and judgment for plaintiff, Raphael T. Hooper, for
$800.   Defendant appealed.

*Error assigned* was the refusal of binding instructions for
defendant.

*Knox & Beal* and *J. H. Beal,* for appellant.—The evidence
of negligence was insufficient to submit to the jury : Chilton
v. Central Traction Co., 152 Pa. 425; Funk v. Electric Trac-
tion Co., 175 Pa. 559; Moss v. Phila. Traction Co., 180 Pa. 389;

Kline v. Electric Traction Company, 181 Pa. 276; Pletcher v. Scranton Traction Company, 185 Pa. 147; Callary v. Easton Transit Company, 185 Pa. 176; Cominskey v. Connellsville & St. Railway Company, 4 Pa. Superior Ct. 631; Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438.

*Pettes & McAllister,* for appellee.—The case was for the jury: Harkins v. Pittsburg, Allegheny & Manchester Traction Co., 173 Pa. 149; Dunseath v. Pittsburg Traction Co., 161 Pa. 124; Phillips v. Duquesne Traction Co., 183 Pa. 255; Johnson v. Reading City Pass. Ry., 160 Pa. 647; Henne v. Peoples Street Ry., 1 Pa. Superior Ct. 311; Smith v. Philadelphia Traction Co., 3 Pa. Superior Ct. 129; Gress v. Braddock Ry. Co., 14 Pa. Superior Ct. 87; Walbridge v. Schuylkill Electric Ry. Co., 190 Pa. 274.

OPINION BY BEAVER, J., July 25, 1901:

The action in the court below was a joint one, instituted by father and son against the defendant for injuries to the son, a child of five years of age, caused by an accident alleged to be the result of the defendant's negligence. The case was submitted without oral argument. This is usually undesirable but, because of it, we have given the more earnest heed to the testimony and the printed arguments of appellant and appellee. The case is well presented on both sides and we have little difficulty in reaching a conclusion. The defendant asked for binding instructions and the refusal to grant the request is the only error assigned.

The question of contributory negligence is not raised and the case turns exclusively upon the question of the negligence of the defendant. Was there evidence of such negligence to go to the jury? Was the speed of the car unusual and unreasonable? Was the motorman alert and attentive to his duties? Was the car under proper control? These were the questions as to which there was contradictory testimony. The speed at which motor cars are permitted to run within the city of McKeesport is eight miles per hour. The motorman knew this and testifies that he was running at that rate. One of the witnesses for the plaintiffs, however, testified: "I would say the car was running I suppose from 15 to 18 miles an hour." This

640          HOOPER *v.* TRACTION CO. (NO. 1).

Opinion of the Court—Dissenting Opinion. [17 Pa. Superior Ct.

is very different from saying that the car was running " unusually fast " or " quite lively " or " very rapidly " or using any of the indefinite expressions which have been held to be insufficient to indicate the speed of a car.   It is true that the witness qualifies his testimony by saying :" I suppose " but all such testimony must necessarily be an opinion or an estimate, inasmuch as it is impossible for a bystander to measure accurately the speed at which a street car may be  moving.   The case is, therefore, not within the ruling in such cases as Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438, or Cominskey v. Connellsville, etc., St. Ry. Co., 4 Pa. Superior Ct. 631.   There is also other evidence in regard to the speed of the car which cannot be overlooked. It ran upon an up grade after the child was discovered a distance variously estimated at from 85 to 150 feet.   This fact was of itself evidence that the speed was unusual or that the motorman was not attentive and alert in regard to the conditions which existed at the time the child appeared upon the track or that he had not such control of the machinery for applying the brakes and reversing the car as he should have had in a built-up portion of the city.   The case is more nearly within Harkins v. Pitts, etc., Traction Co., 173 Pa. 146, 149, and, as to the evidence of the speed of the car, is, so far as the circumstances are concerned, somewhat similar to Gress v. Braddock, etc., St. Ry. Co., 14 Pa. Superior Ct. 87.   We are clearly of the opinion that the court would not have been justified in taking the case from the jury.

Judgment affirmed.