## Boyles *v.* Monongahela Street Railway Company, Appellant.

*Negligence—Street railways—Collision with wagon—Speed.*

In an action against a street railway company to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for plaintiff will be sustained, where the evidence for the plaintiff, although contradicted in all material points, tends to show that at the time of the accident she was riding in a wagon which was being driven on a track of the defendant company, that the driver of the wagon warned by a signal from a car behind, started to cross the other track in order to reach another street, when the wagon was struck by a car on the second track, which was run at a very high rate of speed, and the motorman of which was not looking ahead but was looking sideways at the car on the first track.

Argued 29, 1902. Appeal, No. 137, April T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1900, No. 146, on verdict for plaintiff in case of Ada Z. Boyles v. Monongahela Street Railway Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were in giving binding instructions for defendant.

*Samuel McClay*, with him *Knox* and *Reed*, for appellant,

cited: Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438; Kline v. Electric Traction Co., 181 Pa. 276; Thane v. Scranton Traction Co., 191 Pa. 249; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332.

*L. K. Porter*, with him *S. G. Porter*, for appellees, cited: Thatcher v. Central Traction Co., 166 Pa. 66; Delaware, etc., R. R. Co. v. Jones, 128 Pa. 308; Davidson v. Schuylkill Traction Co., 4 Pa. Superior Ct. 86; Smith v. Phila. Traction Co., 3 Pa. Superior Ct. 129; Callahan v. Phila. Traction Co., 184 Pa. 425.

OPINION BY BEAVER, J., May 22, 1902:

This case and the cases of Rieber v. Monongahela St. Ry. Co. and Wagner v. Same, Nos. 138 and 139, April term, 1902, arise out of the same accident, were tried together in the court below and argued together here. They involve a single question, which is precisely the same in each case,—was defendant entitled to binding instructions? This question was raised by a prayer for instruction to the jury which was refused and which refusal constitutes the only alleged error.

The plaintiffs were all pleasure riders in a grocery delivery wagon belonging to Mr. Boyles, of Braddock, in whose family they were visitors. The wagon was driven by W. H. H. Esler, on the right-hand track of defendant's street railway on Woodstock avenue going toward Pittsburg. The testimony of the witnesses of the plaintiffs presented for the consideration of the jury the following allegations: The wagon in which the plaintiffs were riding was followed by a car of defendant going in the same direction, on the same track. The gong of the following car was sounded, indicating the desire of the motorman for a clear track. The avenue at the right of the track was depressed and had loose stones and other débris, so that it was difficult, if not practically impossible, to turn in that direction. The driver of the wagon wished to enter Elsmere avenue, which was opposite and to the left of the point where he then was. A car was coming on the left-hand track 250 to 275 feet distant, by actual measurement, subsequently made. It was at the time ascending a slight grade which changed in a short distance to a descending grade. The driver said in his testimony, in ref-

erence to the situation : " When I got there (opposite Elsmere avenue) I saw the other car coming up the little grade, pretty near the top of the grade.    I felt and knowed that I had plenty of time to cross at the rate the car was coming, and I started to cross, and the first thing I knowed this car following me shot right behind me and then this car was coming towards me.    I saw it was pretty near on to me by the speed it was coming, and, when I looked, the motorman had his head turned to the left watching the other car passing him and apparently wasn't looking for me at all, and I got off within—they didn't catch the wagon over six inches."    The same witness, in answer to the question, " What was the speed of the car that struck you ?" said " I suppose it was running at the rate of twenty-five miles an hour."    In his cross-examination he repeated his declaration as to the unusual speed, and, in answer to the question, " How could you tell that ? " said, " I know by the current he had on," and continuing, " Q.  Did you see the current?   A.  Yes, sir, I saw the way the handle of his controller was turned and the full current was on."    The witness was corroborated in all his material statements by several others.    The car was stopped from sixty to eighty feet after the wagon was struck.    The ordinary speed of the car in that region was shown by defendant to be ten or twelve miles per hour.

The testimony of plaintiff's witnesses was contradicted by those of the defendant as to all material points relating to defendant's negligence, but the court below could not say, nor can we say, that the contradiction was conclusive.    There was undoubtedly room for the jury to exercise its prerogative as to two questions of fact: 1.  Was the speed of the car which caused the accident excessive ?   2.  Was the motorman alert and attentive and did he have his car under proper control ?

This is a much stronger case than Gress v. Braddock, etc., St. Railway Co., 14 Pa. Superior Ct. 87, and its submission to the jury, under all our cases in Pennsylvania, fully justified.

Judgment affirmed.