# Harter v. Altoona & Logan Valley Electric Railway Co., Appellant.

*Negligence—Interurban electric railway—Grade crossing—Speed —Warning signal—Question for jury.*

In an action to recover damages resulting from a collision with a trolley work car at a grade crossing, the question of negligence was properly left to the jury for determination, where the testimony established the following facts:

Plaintiff's driver stopped his automobile about ten feet from the track, looked and listened. Owing to the falling snow, a sharp curve in the track, and some poles, his view to the left did not extend beyond a hundred feet. Hearing or seeing nothing he went into low gear and started to cross the track, continuing to look for a car which might approach from either side. He first saw defendant's car, coming on his left, when the front wheels of the automobile were on the rails, too late to reverse and back off.

The railway car came to the crossing at a speed of from forty to forty-five miles an hour, without ringing a bell or giving any other warning, and after it struck the automobile ran nearly 400 feet before it was stopped.

*Held:* There was no error, either in submitting the case to the jury or in refusing to enter judgment non obstante veredicto.

Argued March 16, 1922. Appeal, No. 31, Oct. T., 1921, by defendant, from judgment of C. P. Blair County, Jan. T., 1920, No. 64, on verdict for plaintiff, in the case of Paul C. Harter v. Altoona and Logan Valley Electric Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for injuries to plaintiff's automobile. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for the plaintiff, in the sum of $282.67. Defendant appealed.

*Errors assigned* were refusal to give binding instructions for defendant, and refusal of defendant's motion for judgment non obstante veredicto.

*Thos. H. Greevy,* for appellant.

*R. A. Henderson* and *J. F. Sullivan,* for appellee.

OPINION BY KELLER, J., April 17, 1922:

Plaintiff's automobile was damaged in a collision with defendant's work car at a point where the street car track crosses a public road at grade. The story of the accident as told by the plaintiff's witnesses differed materially from that described by defendant's employees. The jury found in favor of the plaintiff and hence any conflict in the testimony has been resolved in his favor. The assignments of error relate only to the refusal of the court below to give binding instructions for the defendant and enter judgment non obstante veredicto in its favor. Under the circumstances, therefore, all the evidence and inferences therefrom favorable to the appellee must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected: Wiles v. Emerson-Brantingham Co., 267 Pa. 47.

The evidence produced by the plaintiff was sufficient to establish the defendant's negligence. Its car approached the crossing at the rate of forty to forty-five miles an hour, without ringing a bell or giving any other warning. It was not equipped with a whistle. After striking plaintiff's car it ran nearly four hundred feet before it was stopped.

The question of the plaintiff's contributory negligence was left to the jury in a charge of which no complaint is made. The jury determined that he had not been negligent. Under the evidence it was not for the court to determine as a matter of law.

The defendant operated an interurban passenger railway. The duty imposed on the plaintiff, accordingly,

was to look and continue to look until the track was reached, and to listen, if his view was obstructed: Talley v. Chester Traction Co., 227 Pa. 393; Keck v. Pittsburgh, Harmony, etc., Ry. Co., 271 Pa. 479. In the instant case, the plaintiff's driver did more. He stopped his car about ten feet from the track, looked first to his left and then to his right, listened, and hearing or seeing nothing went into low gear and started upgrade to cross the track. It was snowing, and owing to the snow, the sharp curve of the track, and some poles, his view to the left did not extend beyond a hundred feet, a distance which the trolley car, at the rate it was going, traveled in less than two seconds. He first saw the trolley car approaching on his left, when the front wheels of the automobile were on the rails. Before he could reverse and back off, the automobile had been hit. Plaintiff's driver had no knowledge that a car was approaching and cannot be convicted of negligence because on arriving at the track his view was to the right instead of to the left. It was his duty to look in both directions and the law does not say on which side he shall look first. It only says he shall look and listen and continue to do so until the track is reached. This the plaintiff's driver did, according to the testimony of plaintiff's witnesses.

The case was for the jury and the court did not err in submitting it to them nor in refusing to enter judgment for the defendant non obstante veredicto.

The judgment is affirmed.