# Kuhns, to use, Appellants, *v.* Conestoga Traction Co.

*Appeals—Evidence—Inference—Verdict—Nonsuit.*

1. On an appeal from an order refusing to take off a nonsuit, the appellate court must assume in favor of plaintiff the truth of the

evidence and every inference deducible therefrom, and also resolve all doubts, if any, in favor of a jury trial.

*Negligence—Street railways—Automobiles—Private crossing — Degree of care—Signals—Negative evidence—Speed—Evidence— Distance car ran after collision.*

2. The high degree of care as to signalling and speed required of an electric railway at a public crossing is not always required at a private crossing where the danger of injury is less.

3. The duty of care at a private crossing does not rest wholly on the person using the crossing; the railway company is bound to the exercise of care commensurate with the danger of the particular situation.

4. Where the location of a private crossing over a street railway is very dangerous, the fact that a car ran one hundred feet or more after a collision with a motor truck, is some evidence of the railway company's negligence.

5. The distance a car ran after a collision has a bearing on the question of speed and proper control, and is especially important in situations requiring great vigilance; for not having a car under proper control is negligence.

6. While the warning of the approach of a car is not always required at a private crossing, the warning should be given where the view is short or obstructed.

7. While mere negative evidence as to lack of signals cannot stand in the face of positive proof that they were given, where there is no evidence that signals were given, the negative evidence is for the jury in connection with other questions in the case.

8. Where an electric car approaches a private crossing into the grounds of a residence and a motor truck on the other track turns to make the crossing, and the view of the crossing is short or obstructed, the motorman is guilty of negligence if he does not have his car under control and runs for a hundred feet or more after colliding with the truck.

*Negligence — Automobiles — Passengers — Contributory negligence.*

9. A passenger in an automobile is affected by his own negligence, but not by that of the driver, unless he concurs therein.

*Negligence—Sudden peril—Contributory negligence.*

10. In a negligence case, if it appears that defendant placed plaintiff in sudden peril, defendant cannot avoid liability even if plaintiff made a mistake in trying to escape therefrom.

*Negligence—Statement of claim—Pleading—Practice—Trial—Waiver.*

11. In a case against an electric railway company for negligence, if plaintiff's statement charges excessive speed, failure to give warning, and a negligent, careless and reckless operation of an electric car, the statement sufficiently covers the case in the absence of a request for a more specific statement, and this is especially true, if no objection was made at the trial to the sufficiency.

Mr. Justice SCHAFFER, dissented.

Argued May 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 287, Jan. T., 1925, by plaintiff, from order of C. P. Lancaster Co., June T., 1920, No. 87, refusing to take off nonsuit, in case of Elizabeth Kuhns, to use of Frank S. Everts and Silas E. Overdeer, partners, trading as Everts & Overdeer, v. Conestoga Traction Co. Reversed.

Trespass for death of plaintiff's husband. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.
Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting record.

*K. L. Shirk,* with him *John A. Coyle,* for appellant.—The case was for the jury: Park v. Traction Co., 262 Pa. 561; Hanley v. Waxman, 80 Pa. Superior Ct. 274; Frill v. Frill, 275 Pa. 325; Parker v. Motor Co., 241 Pa. 461; Estep v. Traction Co., 278 Pa. 414; Vocca v. R. R., 259 Pa. 42; Keinath v. Bullock, 267 Pa. 589; Ferrell v. Solski, 278 Pa. 565; Trumbower v. Transit Co., 235 Pa. 397.

*John E. Malone* and *S. R. Zimmerman,* for appellee, were not heard.

OPINION BY MR. JUSTICE WALLING, June 25, 1927:

The Lincoln Highway extends westerly from Lancaster to Columbia, and in 1919 a Mr. Stradman was erecting a dwelling on the south side of this highway and about one hundred feet therefrom. Defendant's single track railway extended along the south line of the highway, while in front of the Stradman house, about eight feet south of the track, and parallel therewith, was a hedge some twelve feet high and over a hundred feet long. A driveway extending south from the highway across the track passed by the east end of the hedge and thence to the Stradman house. At about 4:50 P. M. of October 18, 1919, John A. Kuhns, for whose death this suit was brought, who had been doing plumbing work in the Stradman house, took passage with others in a Ford truck, which started north along the driveway and while crossing the track was struck and Kuhns killed by an eastbound trolley car. The trial court granted a compulsory nonsuit and its refusal to take off the same forms the basis of this appeal.

At this stage of the case we must assume in favor of plaintiff the truth of the evidence and every inference fairly deducible therefrom, and also resolve all doubts, if any, in favor of a jury trial. So viewed, the nonsuit should have been taken off. The hedge shut off the view between the driveway and track until the truck or other vehicle going north approached within eight feet of the track; in fact, the driver could not get a view to the west until the front end of the truck was within about four feet of the first rail. Furthermore, an extended view to and from the west was cut off by the crest of a hill, so the motorman, approaching from the west, had but a comparatively short view of the crossing, just how short does not appear. These conditions made an exceedingly dangerous crossing. Rules as to speed and care in the open country, with a clear view, cannot control such a situation. As we say in King v. Pitts., H., B. & N. C. Ry. Co., 242 Pa. 497, 499: "The high degree

of care as to signalling and speed required of an electric railway at a public crossing is not always required at a private crossing where the danger of injury is less. But the duty of care does not rest wholly upon a person using the crossing and the railway company is bound to the exercise of care commensurate with the danger of the particular situation." The situation in the instant case being very dangerous required great care by both truck driver and motorman. The proof tends to show the latter made no effort to stop his car or slacken its speed as he approached this crossing, momentarily occupied by the truck. The car ran a considerable distance, one witness said about one hundred and seventy-five feet, after the accident. This seeming lack of proper control of the car at a critical point was a circumstance tending to show negligence. True, the exact speed of the car was not shown, or that it was excessive, except for the nature of the crossing. But running a car there at such speed that it could not be stopped for the distance above mentioned, or even one hundred feet, as estimated by another witness, is some evidence of negligence (Callahan v. Traction Co., 184 Pa. 425; Gress v. Ry. Co., 14 Pa. Superior Ct. 87; Harter v. Altoona & L. Val. E. R. R. Co., 79 Pa. Superior Ct. 25; Hooper v. Traction Co., 17 Pa. Superior Ct. 638), which, with the apparent lack of any effort to check the speed of the car, before the accident, were matters for the jury. The failure of the motorman to check his car at such a dangerous crossing, when the truck was upon the track in front of him, calls for an explanation: Mackey v. P. & W. C. Traction Co., 227 Pa. 482; Schultz v. Phila. & W. C. Traction Co., 65 Pa. Superior Ct. 528. Where the circumstances are such as to require extreme care, the fact that the car ran one hundred feet after the collision, is sufficient evidence of defendant's negligence to carry the case to the jury: Gress v. Ry. Co., supra. A street car must be run at such speed and kept under such control as will probably prevent collisions: Hellriegel v. Traction Co., 23

Pa. Superior Ct. 392; Parrotta v. Penna., etc., Ry. Co., 40 Pa. Superior Ct. 138, 141. Whether that was done here was for the jury. It is not negligence per se to run a street car at a high rate of speed (Jerdon v. Phila. R. T. Co., 260 Pa. 275), but would be evidence thereof at a dangerous crossing. The questions of proper speed and sufficient control of the car depend upon the circumstances. The distance a car ran after a collision has a bearing on the question of speed and proper control and is especially important in situations requiring great vigilance, for not having a car under proper control is negligence: Tatarewicz v. United Traction Co., 220 Pa. 560.

We do not intimate that warning of the approach of a car should be given for every private crossing, but it cannot be said warning is unnecessary where, as here, the view is short or obstructed. On the question of signals, three witnesses riding on the truck testified they heard none, while one of them said he would have heard a whistle had it been blown. We have often held that negative evidence as to lack of signals cannot stand in the face of positive proof that they were given. Here, however, there was no other proof on that question; so the negative evidence was for the jury, in connection with other questions in the case.

The evidence fails to show just how far from the crossing the motorman could have seen the truck thereon, but three witnesses on the truck say they saw the top of the car some three hundred feet away. It was somewhat later when the truck came within view of the motorman, as his head and the truck were not so high as the top of the car. But the shorter his view of the crossing the greater necessity of having the car under control. This short view of the crossing would not excuse the motorman's approaching it blindly; if it would, then in such case the party crossing the track must assume all the risk, which is not the law.

Plaintiff's witnesses are mistaken as to where the truck was when they first saw the car, or as to how far the car then was from the crossing, for it could not go three hundred feet while the truck was going eight or ten feet. But the accident which wrecked the truck and killed two men did happen and the error of the witnesses as to distances, would not excuse defendant.

It is not clear that the driver of the truck was guilty of contributory negligence; but, if so, it does not appear that Kuhns concurred therein. He, a passenger, sitting in the rear end of the truck, might properly assume the driver would look and listen, at the edge of the track, and not go in front of a near approaching car, and there is nothing to show he (Kuhns) knew the driver had failed therein. It must not be overlooked that before Kuhns got beyond the hedge, the front wheels of the truck had reached the tracks. It is familiar law that a passenger is affected by his own conduct but not by that of the driver, unless he concurs therein. In the instant case the evidence is that neither the driver nor passengers could see the approaching car until the truck had entered upon the track. Again, as the truck lacked only a few inches of clearing the crossing, it cannot be affirmed that it went upon the track and was immediately struck by an approaching car.

The suggestion that Kuhns jumped from the truck is not sustained by any evidence; but if defendant negligently placed him in sudden peril, it could not avoid liability even if he erred in trying to escape.

Plaintiff's statement, in effect, charges excessive speed, failure to give warning and a negligent, careless and reckless operation of the car, which sufficiently covers the case in the absence of a request for a more specific statement. This is especially true, as no objection was made at the trial to its sufficiency: Hanley v. Waxman, 80 Pa. Superior Ct. 274.

The judgment is reversed with a procedendo.

Mr. Justice SCHAFFER, dissented.