| | |
|---|---|
| Cohen, Appellant, *v.* Philadelphia & Reading Railroad Company. | 211    227<br>212    148<br>28 SC ¹226 |

| | |
|---|---|
| | 211   227 |
| | 30 SC ¹175 |
| | 30 SC ¹417 |
| | 211   227 |
| | f 34 SC ³620 |
| | 211   227 |
| | 223   ¹211 |
| | 211  227 |
| | f41SC¹ 54 |

*Negligence—Evidence—Inferences from facts—Province of court and jury.*
Where there is a doubt as to the inferences to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury.

*Negligence—Railroads—" Stop, look and listen "—Contributory negligence.*
If a person fails to stop, look and listen before reaching the tracks of a railroad he is guilty of negligence per se, but failure to do so after getting on the tracks is not negligence per se, but may or may not be negligence according to the circumstances.

In an action against a railroad company to recover damages for the death of plaintiff's husband, it appeared that plaintiff's husband and a companion were walking on a street which was crossed by the tracks of the defendant company at grade. The approaches to the crossing were protected by safety

gates. When the two men were within half a square of the crossing a train was passing and the safety gates were down. By the time they reached the crossing the safety gates had been raised. Before they started over the tracks they stopped, looked and listened. Their view was obstructed by freight cars standing on the first track to the north of the street, and also by some cars to the south of the same avenue. They did not see or apprehend any danger while crossing over the first track. Before leaving the first track they stopped again near the end of the freight cars which obstructed their view and prevented them from seeing approaching trains or engines. They then started on their journey, taking a couple of steps towards the second track, when they were run into by a shifting engine, which the testimony tended to show was running at a rate of from twenty to thirty miles per hour. No bell was rung nor whistle blown as the engine approached, until about the time deceased was struck. There was testimony that the space between the first and second tracks was about eight feet wide, but allowing for the overhang of the cars and the engine there was only a space of about two and one half feet in which a person could stand. *Held*, that the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

Argued Jan. 18, 1905. Appeal, No. 334, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1901, No. 321, refusing to take off nonsuit in case of Sarah Cohen *v.* Philadelphia & Reading Railroad Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before BIDDLE, P. J.

From the record it appeared that the suit was begun by Jonas Cohen, and that upon his death his administratrix was substituted as party plaintiff.

The circumstances of the accident are set forth in the opinion of the Supreme Court.

*Error assigned* was the order of the court refusing to take off nonsuit.

*Charles H. Edmunds*, with him *Samuel Scoville, Jr.*, and *John Sparhawk, Jr.*, for appellant.—The uncontradicted evidence offered in behalf of the plaintiff established the negligence of the defendant: P. & R. R. R. Co. v. Killips, 88 Pa. 405; Matthews v. R. R. Co., 161 Pa. 28; Penna. R. R. Co. v. Ackerman, 74 Pa. 265; Lake Shore, etc., Ry. Co. v. Frantz, 127 Pa. 297.

The evidence offered on behalf of the plaintiff did not show any contributory negligence on the part of the decedent: McWilliams v. Keim, 22 W. N. C. 372; Fisher v. Ry. Co., 131 Pa. 292; Smith v. R. R. Co., 158 Pa. 82; Ely v. Ry. Co., 158 Pa. 233; Matthews v. R. R. Co., 161 Pa. 28; Link v. R. R. Co., 165 Pa. 75; Haverstick v. R. R. Co., 171 Pa. 101; Muckinhaupt, v. R. R. Co., 196 Pa. 213; Bard v. Ry. Co., 199 Pa. 94; Ayers v. Ry. Co., 201 Pa. 124; Newman v. R. R. Co., 203 Pa. 530.

The facts and inferences therefrom of the case on appeal are not such as to establish negligence of the decedent as a matter of law and the case on appeal is distinguishable from the cases cited in behalf of the appellee: Grand Trunk Ry. Co. v. Ives, 144 U. S. 408 (12 Sup. Ct. Repr. 679); Rusterholtz v. R. R. Co., 191 Pa. 390.

The decision of this court which absolutely governs the case at bar is that of Gray v. Railroad Co., 172 Pa. 383.

*Gavin W. Hart,* for appellee, cited.: Matthews v. R. R. Co., 161 Pa. 28; Buzby v. Trac. Co., 126 Pa. 559; Keppleman v. Ry. Co., 190 Pa. 333; Baker v. R. R. Co., 182 Pa. 336; Muckinhaupt v. R. R. Co., 196 Pa. 213; Kinter v. R. R. Co., 204 Pa. 497; Canfield v. R. R. Co., 208 Pa. 372.

OPINION BY MR. JUSTICE ELKIN, March 20, 1905:

This is an action of trespass to recover damages by reason of the injury and death of Jonas Cohen, husband of plaintiff, alleged to have been caused by the negligent act of defendant. The learned trial judge granted a nonsuit which he refused to take off on motion made, and these rulings have been assigned for error.

A motion for a nonsuit admits all the facts which the jury might have fairly inferred from the testimony: Maynes v. Atwater, 88 Pa. 496; Miller v. Bealer, 100 Pa. 583.

As applied to negligence cases, the rule has been stated by this court to be that where there is a doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury: Penna. Railroad Co. v. White, 88 Pa.

327; Pennsylvania R. R. Co. v. Peters, 116 Pa. 206; Ruster-holtz v. N. Y., etc., Railroad Co., 191 Pa. 390. Here, then, is the rule which applies, and we must inquire into the facts in order to determine if the proper application of these principles has been made in this case. Is there a doubt as to the inference to be drawn from the facts? Is the measure of duty ordinary and reasonable care? Do the facts present a case where the degree of care required varies with the circumstances? If these questions can be answered in the affirmative, then the learned court below was in error in granting the nonsuit.

On the evening of October 18, 1901, Jonas Cohen, the deceased, in company with Henry Weil, started from his home and walked down Susquehanna avenue. This avenue is crossed by the tracks of the defendant company at grade. The approaches to the crossing are protected by safety gates at both sides. When within half a square of the crossing a train was passing and the safety gates were down. By the time they reached the crossing the safety gates had been raised. Before they started over the tracks they stopped, looked and listened. Their view was obstructed by freight cars standing on the first track to the north of Susquehanna avenue, and also by some cars to the south of the same avenue. They did not see or apprehend any danger while crossing over the first track. Before leaving the first track they stopped again near the end of the freight cars which obstructed their view and prevented them from seeing approaching trains or engines. They then started on their journey, taking a couple of steps toward the second track, when they were run into by a shifting engine, which the testimony tended to show was running at a rate of from twenty to thirty miles per hour. No bell was rung nor whistle blown as the engine approached, until about the time Cohen was struck. He was severely injured, from which injuries he subsequently died. These were the facts immediately connected with the accident, as testified to by Henry Weil, who was walking with the plaintiff, and corroborated in many particulars by Glauseman and Bonner, who saw the accident from different points of view. Upon these facts the plaintiff relied to show the negligent acts of the defendant.

The plaintiff contends that these facts, having been proven by her witnesses and not contradicted, must be accepted as

true, and that they show negligence on the part of the defendant in three particulars. First, in that the safety gates were raised at a time when a shifting engine was approaching the crossing; second, in permitting the freight cars to stand on the tracks to the north and south of the crossing so as to obstruct the view of the deceased, and third, in permitting a shifting engine to run over the crossing at a high rate of speed when the safety gates were raised, without ringing a bell, blowing a whistle, or giving any other danger signal. If the case rested here, it cannot be doubted that the question of negligence should have been submitted to the jury. Under these facts the plaintiff is entitled to recover damages unless the deceased contributed to the accident by his own negligence.

The learned counsel for appellee. contends that these facts show such contributory negligence on the part of the deceased as to prevent the plaintiff from recovering in this action. This brings us to the consideration of the vital question in the case. The testimony clearly shows that the deceased stopped, looked and listened before stepping upon the first track, and therefore was not guilty of negligence per se. He was upon a crossing where he had a right to be. His view northward was obstructed by a freight car or cars standing on the first track, and very near to the crossing at the point where he was walking over. He again stopped, but did or could not see or hear any danger. He then proceeded but a step or two when he received the injuries complained of.

It was the duty of the deceased, even after he was safely on the first track, to keep a lookout for trains and engines, and if he did see any danger or could have seen it by the exercise of ordinary care, it was his duty to see it and avoid it, or if he did not see it when by the exercise of reasonable. care he could have seen it, the defendant would not be liable to damages in this case. The fact that the safety gates were raised, thus inviting him to cross over, did not relieve him from the exercise of ordinary care after he got on the first track. In the application of the stop, look and listen rule the distinction has been made that if a person fails to observe it before reaching the tracks he is guilty of negligence per se, but failure to do so after getting on the tracks is not negligence per se, but may or may not be negligence according to the cir-

cumstances: Ayer v. Pittsburg, etc., Ry. Co., 201 Pa. 124. The rule in the case cited applied to the facts in this case requires the jury to determine whether under the circumstances the deceased exercised ordinary and reasonable care.

The defendant further contends that it was the duty of the deceased to have stopped in the space between the first and second tracks after he had passed beyond the freight cars that obstructed his view, and that he could have stopped at that place in safety until the shifting engine passed by. The learned counsel for appellee assumes that the space between the two tracks is eight feet, and that this was sufficient to permit the plaintiff to stand there in safety. The exact width of space between the two tracks was not proven, but it may be assumed for the purposes of this case that it is correctly stated in the argument of defendant. The plaintiff answers this contention by testimony which tends to show that the overhang of the freight cars was from two to three feet, and the overhang of the shifting engine from three to four feet, thus leaving a space of about one and one half feet in which to stand. It was not negligence per se for the deceased to have failed to stop at that point, but may or may not have been negligence according to the circumstances, and hence the case should have been submitted to the jury to determine whether there was a place of safety between the first and second tracks at which the deceased could have stopped, and whether under all the circumstances he was negligent in not so stopping. In this respect, Gray v. Penna. Railroad Company, 172 Pa. 383, rules the case. Mr. Justice DEAN, delivering the opinion in that case, said: "The exact width of space between the main and side tracks is not given, but from all the evidence the inference is, they were only sufficiently distant from each other to allow for safe passage of trains; that there was room for safe observation by a foot traveler outside of the projection of the freight car over the side track, and that of a coming locomotive over the main track, does not appear; whether, under the circumstances, it was the duty of the deceased to peep around the end of the freight car and look before venturing across the track, the court could not say as matter of law, for that manner of looking may have been attended with danger; this, however, appears clear, that less than two ordinary steps of a man from safety behind the

box car, put him in front of death from a locomotive following sixty feet in the rear of the coal train."

The deceased was invited upon the tracks by the raised safety gates. He was not warned of the approach of the shifting engine, and did not see any danger. The raised gates had " dulled the edge of his caution," but the testimony shows that he was proceeding cautiously even after getting on the first track, and up to the very moment when he was run down by the engine. We cannot say as a matter of law it was his duty to have looked around the overhang of the freight cars to see the approach of the shifting engine or any other danger under the circumstances. These facts should have been submitted to the jury to determine whether the deceased had exercised that ordinary and reasonable care under the circumstances which the law requires. This is clearly a case for the jury, and the court erred in granting the nonsuit.

Judgment reversed and a procedendo awarded.