# Provost *v.* Director General of Railroads, Appellant.

*Negligence — Railroads — Grade crossing — "Stop, look and listen."*

1. In an action against a railroad company to recover damages for injuries to a motor truck struck by a train at a grade crossing on the first of the two tracks at the crossing, no recovery can be had, where it appears that, although the driver stopped, looked and listened at a point eight feet from the first track, and moved forward at a very slow pace, he did not look any further in the direction from which the train came, which struck him, although the slightest glance in that direction, at any instant between the original stop and his entrance on the first track, would have saved him from the accident.

2. One approaching a railroad is not only required to stop, look and listen, but to keep a due observation from the stopping point on till the crossing is made.

Argued October 9, 1919.   Appeal, No. 79, Oct. T., 1919, by defendant, from judgment of C. P. Washington Co., May T., 1918, No. 143, on verdict for plaintiff in case of Stanley Provost v. Director General of Railroads.   Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.   Reversed.

Trespass for injuries to a motor truck.   Before McILVAINE, P. J.

Verdict and judgment for plaintiff for $1,650.   Defendant appealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Rufus S. Marriner,* with him *Wiley & Marriner* and *Jas. A. Wiley,* for appellant.

*Carl E. Gibson,* with him *W. K. Vance,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 5, 1920:

Plaintiff, Stanley Provost, sued in trespass to recover the value of a motor truck which he alleged was destroyed through the negligence of the Pennsylvania Railroad Company; he obtained a verdict upon which judgment was entered, and the Director General of Railroads, who was duly substituted as defendant, has appealed.

Appellant contends that the court below erred in not affirming the railroad's request for binding instructions.

It appears from the evidence produced by plaintiff that, on February 3, 1918, between three and four in the afternoon, one of his employees, Samuel Gilsan, was driving the motor truck in question, loaded with coal, and weighing altogether about six and a half tons, in an easterly direction along Tenth street, in Monongahela City.   When the truck entered upon the first, or south-

bound, track of the Pennsylvania railroad, where it crosses this street, the vehicle was struck and destroyed by a locomotive, going south at the rate of thirty miles an hour. The driver, who escaped injury by leaping out of danger immediately before the collision, testified that he stopped, looked and listened when the front of his machine was about eight feet from the first, or south-bound, track and, neither seeing nor hearing a train, continued on his way, without making any further observation to the north, trusting entirely to the fact that it was usual for all locomotives coming from that direction to blow a whistle at a point such a distance away as to give ample warning of their approach.

While, at the place where the driver stopped, he could see only about 150 feet to the north, yet a foot and a half or two feet further on he had a much more extended view, and, as testified by one of his witnesses (an engineer, who took measurements and made observations), ten feet from the first rail he had a clear and unobstructed view of at least 1,500 feet to the north.

The motor was moving at a very slow pace, not more than three miles an hour, "merely moving," and the driver, who was familiar with the crossing, said he could have brought his car to an instantaneous stop at any moment; under these circumstances, notwithstanding the fact that there was snow on the ground and that, owing to surrounding conditions, the truck had to be eased over the tracks, it is apparent beyond question that the slightest glance to the north, at any instant between the original stop and entering the first track, would have saved the damage here sued for.

We have repeatedly held that one approaching a railroad is not only required to stop, look and listen, but to keep a due observation from the stopping point on till the crossing is made. Gilsan, having two tracks to cross, was obliged to look not only to the north but also to the south, and, as stated by the trial judge, he could not make both observations at one time; but the head can be

turned in the fraction of a second, and, as before said, it is true beyond a doubt that the merest glance, with attention, to the north would have shown Gilsan the approach of the train which subsequently struck his motor, almost immediately upon its entrance on the southbound track. Since the accident could have been avoided by the due care which was required under the circumstances, plaintiff's driver was clearly guilty of contributory negligence; hence the court below erred in not affirming defendant's point for binding instructions.

Judgment is reversed and here entered for defendant.