# Murtagh *v.* Director General of Railroads, Appellant.

*Negligence—Railroads—Grade crossing—Stop, look and listen—Stopping after entrance upon tracks.*

1. A pedestrian in crossing a railroad is not bound to stop, look and listen between tracks lying close to each other, to observe approaching dangers.

2. The measure of care by users of railroad crossings is exercised when the person stops at a place of safety where he can see, before going on the road, looks and listens, and then, neither seeing nor hearing danger, proceeds to cross.

3. While in the act of crossing, a pedestrian must be vigilant to apprehend approaching trains.

4. Where there is doubt as to the proper place to stop, look and listen, such question will be referred to the jury as a general rule; but where the stop is made at a point where the pedestrian cannot see, the court will determine the question.

Argued January 12, 1921. Appeal, No. 128, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1918, No. 2882, on verdict for plaintiff in case of Bernard J. Murtagh v. Walker D. Hines, Director General of Railroads. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v., quoting record.

*J. Howard Rhoads,* for appellant.

*Joseph P. Gaffney,* of *Gaffney & Bauer,* for appellee.

OPINION BY MR. JUSTICE KEPHART, February 14, 1921:
Five tracks of defendant's railroad lie on Washington avenue where it intersects 22d street. The distance between the tracks is the ordinary six feet. Plaintiff, at an early hour in the morning, was walking north on the west sidewalk of 22d street. When he reached the southwest corner of that street and the avenue he stopped, looked each way on the railroad, and listened. He then kept on his journey across the railroad. On the tracks

nearest to him, to the west, there was a freight train; similar cars were standing to the east of 22d street. These cars prevented a clear observation of the track. After his first stop he continued his walk across 22d street, meanwhile looking ahead, listening and watching, but did not stop again. As he stepped on the fourth track a locomotive, running backward along that track from the east, at a speed of twenty-five miles an hour, struck and knocked him down, passing over and severing his arm. A view of the engine was obscured by the freight cars on the three tracks, and, as plaintiff states, it "shot out from alongside" of these, hitting him as he attempted to step back from the fourth track, out of its way. He saw no light on, and heard no warning from, the approaching locomotive, but he did hear noise from other tracks. Plaintiff recovered judgment, hence this appeal.

We have not in any case cited held as a general rule that a pedestrian must stop, look and listen between tracks lying close to each other to observe approaching dangers, but we are now urged to do so. It would be extremely dangerous to adopt such rule, as it would have a tendency to create, either on or between them, a danger where none otherwise would exist. The measure of care by users of railroad crossings is exercised when the person stops at a place of safety where he can see, before going on the road, looks and listens, and, when neither seeing nor hearing danger, proceeds to cross. While in the act of crossing, he must be vigilant to apprehend approaching trains. His failure to do so may be negligence and a question for the court, but in no case has it been held he must stop, look and listen on the tracks or between them while in the act of crossing: Cohen v. Phila. & Reading R. R. Co., 211 Pa. 227; Ayers v. Ry. Co., 201 Pa. 124. Where there is doubt as to the proper place to stop, look and listen, as a general rule such question will be referred to the jury, but where the stop is made at a point where the pedestrian cannot see, the

court will determine the question. The only possible place defendant could have stopped was where he did, at the curb near the first track at the intersection of 22d street and Washington avenue, and, after proceeding, whether due care was used in stepping on the fourth track without peeping around the cars standing on the third track, was for the jury. Defendant's negligence consisted in failure to give warning by light, bell or whistle. While there are many circumstances brought out on cross-examination and in defense which have a tendency to discredit plaintiff's story, these matters were for the jury. His testimony and the inferences to be drawn therefrom bring the case clearly in line with those which require submission to the jury.

Judgment affirmed.