# Tull, Appellant, *v.* Baltimore & Ohio R. R.

*Negligence—Railroads—Grade crossing—Stop, look and listen—Evidence—Presumption—Contributory negligence—Death.*

1. A traveler killed at a grade crossing is presumed to have performed the duty of care imposed upon him by law; but the presumption is rebutted, where the evidence shows that, had he done so, the accident would not have happened.

2. A traveler upon a highway must stop, look and listen before crossing a railroad track, and after stopping he must continue to look until he has cleared the crossing.

3. If after stopping and looking at the proper place, he continues on without further looking and is killed in a collision on the tracks, he is guilty of contributory negligence, and no recovery can be had for his death.

Argued January 31, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 49, Jan. T., 1928, by plaintiff, from judgment of C. P. Delaware Co., Sept. T., 1924, No. 29, for defendant n. o. v., in case of Margaret Virginia Tull v. Baltimore & Ohio Railroad. Affirmed.

Trespass for death of plaintiff's husband. Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff and judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment n. o. v., quoting record.

*William J. MacCarter, Jr.,* with him *Arthur L. Reeser,* for appellant.—The courts have repeatedly held that where there is evidence that a person driving an auto stops, it is then a jury question, even though that fact

may be controverted: Cookson v. Ry., 179 Pa. 184; Neuman v. Ry., 283 Pa. 416.

Whether James P. Tull contributed to the accident is purely a question of fact for the jury: McGill v. Ry., 152 Pa. 331; Whitman v. R. R., 156 Pa. 175; Toban v. Coal Co., 24 Pa. Superior Ct. 475; Messinger v. R. R., 215 Pa. 497; Shaffer v. R. R., 258 Pa. 288; Knepp v. R. R., 262 Pa. 421; Murtagh v. R. R., 271 Pa. 290; Thomas v. R. R., 275 Pa. 579.

*Kingsley Montgomery,* for appellee, cited: Luken v. R. R., 267 Pa. 315, 318; Watson v. Lit Bros., 288 Pa. 175; Radziemenski v. R. R., 283 Pa. 182; Hepps v. R. R., 284 Pa. 479; Razzis v. Ry., 273 Pa. 550; Carroll v. R. R., 12 W. N. C. 348; Myers v. R. R., 150 Pa. 386.

OPINION BY MR. JUSTICE WALLING, March 12, 1928:

Plaintiff recovered a verdict for the loss sustained by the death of her husband, in a grade crossing accident, and brings this appeal from judgment entered for the defendant non obstante veredicto. Notwithstanding the distressing character of the accident, the record presents no cause for reversal.

The defendant's double track railroad, extending from Baltimore to Philadelphia, passes through the borough of Glenolden, Delaware County, in an easterly and westerly direction, and is crossed therein at right angles by Ashland Avenue. On the evening of December 26, 1923, plaintiff's husband, James P. Tull, a resident of the borough and familiar with the crossing, drove his open automobile northerly along the avenue and on reaching the south track, was killed by a rapidly moving eastbound passenger train. His seven-year-old son was with him and was also killed. According to the evidence for plaintiff, which now must be accepted as true, the deceased stopped about thirty-five feet from the track and presumably there looked and listened. This was the customary stopping place for that purpose. About thirty

feet south of the south rail there was a line of telegraph poles, also a bank and possibly trees which to some extent prevented a clear view to the west. However, for twenty-five feet south of the south rail, there was an open view and straight track west for a mile. On any part of that twenty-five-foot space, an approaching train could be seen for that distance by day as could the headlight of a locomotive by night. The electric headlight on the engine in question was in view long before the train came to the crossing, for the night, although dark, was clear. It was the duty of the deceased to have his car under control as he approached the crossing and to look in both directions before driving upon it. Had he done so he must have seen the approaching engine in time to have avoided the accident. As it was, he evidently did not see the engine until he was on the track and it was upon him, then he attempted to turn his car away and was instantly struck. That he had not reached the center of the track is shown by the fact that the demolished automobile and its occupants were found to the south of it. No reason appears why he did not look west just before driving upon the track or why he did not see the approaching engine. Under such circumstances the driver is guilty of contributory negligence as a matter of law, and no recovery can be had on account of his injury or death. The settled rule of law in this State is that a traveler upon the highway must stop, look and listen before crossing a railroad track and equally so that after stopping he must continue to look until he has cleared the crossing. In the language of the present Chief Justice, in Provost v. Director General of R. R., 265 Pa. 589, 591: "We have repeatedly held that one approaching a railroad is not only required to stop, look and listen, but to keep a due observation from the stopping point on till the crossing is made. Gilsan, [the driver,] having two tracks to cross, was obliged to look not only to the north but also to the south, and, as stated by the trial judge, he could not

make both observations at one time; but the head can be turned in the fraction of a second, and, as before said, it is true beyond a doubt that the merest glance, with attention, to the north would have shown Gilsan the approach of the train which subsequently struck his motor, almost immediately upon its entrance on the southbound track. Since the accident could have been avoided by the due care, which was required under the circumstances, plaintiff's driver was clearly guilty of contributory negligence; hence the court below erred in not affirming defendant's point for binding instructions." To like import, see Gasser v. Phila. & R. Ry. Co., 266 Pa. 493. Why Mr. Tull did not comply with this simple but inflexible rule may never be known.

True, a traveler killed at a crossing is presumed to have performed the duty of care imposed upon him by law; but that presumption is rebutted, where, as here, the evidence clearly shows that had he done so the accident would not have happened. The familiar rule stated in Carroll v. Pennsylvania R. R. Co., 12 W. N. C. 348, and frequently quoted with approval, that, "It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive," applies in case of death where the deceased walked or drove in front of an approching train under like circumstances. See Charles v. Lehigh Val. R. R. Co., 245 Pa. 496. "The doctrine that a person losing his life must be presumed to have exercised due care has no application where the evidence shows affirmatively the circumstances of the accident to the contrary; there can be no presumption as against such facts which are clearly proven": Zotter v. Lehigh Valley R. R. Co., 280 Pa. 14. "What the proven facts show the deceased must have seen had he looked, the court is bound to declare": Cubitt v. New York Central R. R. Co., 278 Pa. 366; and see Luken v. Pennsylvania R. R., 267 Pa. 315; also Watson v. Lit Brothers, 288 Pa. 175, 178.

It is uniformly held that no recovery can be had for an injury to one who drives an automobile in front of a rapidly approaching train, which he could have seen had he looked; Seiwell v. Hines, 273 Pa. 259; Hepps v. Bessemer & L. E. R. R. Co., 284 Pa. 479; and see Myers v. B. & O. R. R., 150 Pa. 386; also Baltimore & Ohio R. R. Co. v. Goodman, 48 (U. S.) Supreme Court Reporter 24.

The judgment is affirmed.