Philipsburg Beef Co., Appellant, *v.* P. R. R. Company.

Argued October 30, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-

THROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Edw. J. Thompson,* for appellant.

*John Blanchard,* and with him *Edmund Blanchard,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1931:

This suit grew out of a collision at a grade crossing of a railroad siding. A verdict was rendered for the plaintiff and the court on motion gave judgment for the defendant, n. o. v. It is necessary to consider only the question of the plaintiff's contributory negligence.

From the testimony of the driver of the plaintiff's truck, there appears the following essential facts. At noon, on August 9, 1927, the plaintiff's driver, approached the railroad siding and saw standing on the tracks a number of empty coal cars; the nearest one to the crossing was about 30 feet distant. He stopped his truck at the foot of a slight grade about 20 or 25 feet from the crossing, changed gears, looked at the train, and hearing no warning, proceeded to cross the tracks. At the point where he stopped, he was unable to see the other end of the train to ascertain

whether an engine was attached thereto. A short time previous he went over the crossing to deliver some goods at a store about three city blocks beyond the crossing, where he remained 10 or 15 minutes. On his way to the store he saw that an engine was not attached to the cars.

Under these facts, was the plaintiff guilty of contributory negligence?

It is a well recognized rule of law that it was the duty of the plaintiff's driver in approaching the crossing not only to stop, look and listen, but to continue to look as he proceeded, and his neglect so to do was a failure to perform his full duty as required by law: Provost v. Director General, 265 Pa. 589; Tull v. B. & O. R. R., 292 Pa. 458; Massinger v. Reading R. R. Co., 300 Pa. 6; Gelwicks v. P. R. R., 301 Pa. 68. The merest glance would have given him warning of the impending danger. A violation of this inflexible rule is evident and the court was bound so to conclude: Cubitt v. N. Y. C. R. R., 278 Pa. 366. The peremptory and unbending rule requiring one to continue to look and ascertain if the track is in actual use at the time he approaches it applies to a private siding: Ash v. W. & N. R. R., 148 Pa. 133; Fox v. P. R. R. Co., 195 Pa. 538.

The appellant contends that after the driver testified that he had stopped, looked and listened, the question of his contributory negligence was a matter of fact for the jury; that it cannot be said as a matter of law that his advancing made him guilty of contributory negligence when there was no danger apparent. This contention overlooks the legal requirement that the driver's duty was not discharged in stopping, looking and listening; he was required to continue to be vigilant and use his senses of sight and hearing. Although a plaintiff is not bound to prove affirmatively that he was not guilty of contributory negligence, he

must present a case free of any such negligence. If the driver had looked, he could have readily escaped a collision with cars that must have been moving at a slow speed as they had been at a standstill but a moment before the impact. Since this accident could have been avoided by due care, which was required but not exercised, the testimony showed the driver of the truck was not free of contributory negligence; hence, there was no error in the learned court below entering judgment.

Judgment is affirmed.