Fidelity Trust Company, Admr., Appellant, *v.* Pennsylvania Railroad Company.

Argued March 24, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Nathan Holstein,* with him *Levy & Crone,* for appellant.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellee.

OPINION BY MR. JUSTICE DREW, April 19, 1937:

This action of trespass was brought by John Majewicz to recover for personal injuries sustained by him. He died about five months after the accident of traumatic pneumonia said to have resulted from his injury. Thereafter this action was prosecuted by his duly accredited administrator. The jury returned a verdict for plaintiff and the trial court granted the defendant's motion for judgment n. o. v. This appeal followed.

At noon on December 11, 1933, decedent was struck by the tender of one of defendant's locomotives that was backing along a spur track of defendant's railroad where it crosses at grade the intersection of Mulberry Way and 28th Street in the City of Pittsburgh. Plaintiff's own evidence presents the following facts, and we think they decide this case. The locomotive stopped eight or ten feet from where it struck decedent, and this although the tracks were slippery from a recent light fall of snow. Its wheels locked and skidded, and, although decedent was knocked down by the impact and fell upon the track, the wheels did not pass over him. The motion of the locomotive was so slow that

the right wheel of the tender pushed decedent this short distance along the track; he was found on the rail and against that wheel when the locomotive stopped. It was testified that decedent stopped within several feet of the track and looked, it does not appear in which direction; that no bell or other warning of the locomotive's approach was sounded; that there was no warning light; that noise from factories made inaudible any noise from the operation of the locomotive; and that fog obscured vision beyond fifty feet.

Viewing the case in the light most favorable to plaintiff, we agree with the court below that the accident was caused by decedent's own negligence. The presumption of his exercise of proper care, if applicable at all when he lived so long after the accident, may be rebutted by incontrovertible physical facts *(Ray v. Lehigh Valley R. R. Co.,* 321 Pa. 538; *Lamp v. Pa. R. R.,* 305 Pa. 520) which we think has been done here. It is the duty of one crossing tracks to look not only before but while crossing *(Massinger v. Reading Ry. Co.,* 300 Pa. 6; *Kolich v. Monongahela Ry. Co.,* 303 Pa. 463) and the poorer the visibility, the greater the duty of vigilance.

The locomotive was proceeding at such a slow speed, as is conclusively shown by its quick stop and the fact that the wheel of the tender did not pass over decedent, that it was bound to have been within his range of vision, even if that were but fifty feet, when he stepped upon the track. An alert man could not have been struck under such circumstances. If decedent had seen the locomotive when he should have, when it came within his admitted range of vision, he could easily have avoided it by stepping forward or backward—two steps would have cleared the track. The physical facts prove beyond a doubt that he did not exercise any care in crossing the track, did not look for a train, did not see it at all until he was struck, and was injured by his own utter lack of the vigilance required by the circumstances. His own negligence caused the accident, and

now bars recovery: *Garis v. Lehigh and New England R. R. Co.,* 324 Pa. 149; *Hawk v. Pa. R. R. Co.,* 307 Pa. 214.

Judgment affirmed.