## SULLIVAN et ux. v. PHILADELPHIA SUBURBAN TRANSP. CO.

### No. 3743.

District Court, E. D. Pennsylvania.
April 30, 1945.

846

Henry A. Frye, of Philadelphia, Pa., and Karl W. Johnson, of Upper Darby, Pa., for plaintiffs.

Thomas E. Comber, Jr., of Philadelphia, Pa., for defendant.

GANEY, District Judge.

This is a motion for judgment n.o.v.

Frank J. Sullivan, one of the plaintiffs, was the owner of an automobile which his wife, the other plaintiff, was driving west on Windemere Avenue, between Garrett Road and defendant's tracks in Upper Darby Township, Delaware County, Pennsylvania. The driver of the car, Katharine B. Sullivan, testified it was a bright clear day and that as she came to a "Stop, Look and Listen" sign on the right side of Windemere Avenue, near the tracks, she slowed down and brought the automobile to a complete stop about two feet from the nearest or northbound rail of the track, it being a double track. She looked in both directions and testified that she had a clear view to the right of some 200 feet and saw nothing when she started across the tracks and the next thing she remembered she was in the hospital. The testimony shows that the train was proceeding at about 35 miles per hour at the time, and that the automobile was struck in the right rear portion thereof and thrown to the southwest corner of the intersection and turned completely around while the train proceeded on in a southernly direction, some 200 feet before it was brought to a stop. It was further testified by a member of the bar, Stephen McEwen, who was sitting in an automobile about 150 feet east of and facing Windemere Avenue, giving him a diagonal and unobstructed view of the scene of the accident, that he saw Mrs. Sullivan drive the automobile up to the rails, stop momentarily before entering the track and then proceed on to the tracks and that at the time the automobile was on the tracks the traffic light was green for the automobile. Another witness, Robert Callahan, testifying for the plaintiff, stated that he looked toward the railroad

and saw Mrs. Sullivan's car approaching the tracks, hesitate and then proceed across the tracks and at about the same time the train of the defendant was in the same relative position to Windemere Avenue as his automobile was and that he believed that from the position of the vehicle at the time that an accident was inevitable. The witness' automobile was facing Windemere Avenue and he had been proceeding southwardly in the same direction as the train. Another witness for the plaintiff, a mechanic employed in a garage adjoining the tracks, also testified that Mrs. Sullivan stopped a few feet from the tracks, and that she started across when the light was green, that he had just turned around when he heard the crash. There was testimony that the over-head signal light worked from a switch which is operated by coming in contact with the trolley upon the train and that the switch which turned the light against traffic at Windemere Avenue, the scene of the accident is 363 feet north of it. There is no station at Windemere Avenue for the train to stop; the last stop being Lansdowne Avenue, 750 feet to the north thereof, and the next station south of Windemere Avenue being Fairfax Avenue, 713 feet distant.

The defendant's motion for judgment n.o.v. is based on the contention that no negligence was shown on behalf of the defendant and that the plaintiff was contributorily negligent.

In viewing a motion for judgment n.o.v. consideration is given to all the pertinent facts and reasonable inferences to be drawn therefrom, most favorable to the plaintiff, disregarding the controverting evidence offered by the defendant. Harris v. Reading Co., 325 Pa. 296, 300, 189 A. 337; Ray v. Lehigh Valley R. Co., 321 Pa. 538, 539, 184 A. 445.

There was sufficient evidence of negligence here to take the case to the jury. A street car must be run at such a speed and kept under such control as will probably prevent collision and its speed at a public crossing must be commensurate with the circumstances existing there at the time. Hellriegel v. Southern Traction Co., 23 Pa.Super. 392; Parrotta v. Pennsylvania, etc., R. Co., 40 Pa.Super. 138.

Accordingly it was a question of fact for the jury whether 35 miles per hour was an excess speed at which to operate this car at this crossing with testimony to the effect that the right of way or green light was with the traffic on Windemere Avenue and coupled with the further fact that the car was not stopped until it had traveled a distance of 200 feet beyond the point of contact with the Sullivan automobile at the crossing. Kuhns v. Conestoga Traction Co., 290 Pa. 303, 138 A. 838; Callahan v. Philadelphia Traction Co., 184 Pa. 425, 39 A. 222; Gress v. Ry. Co., 14 Pa.Super. 87.

The question of the plaintiff's contributory negligence was likewise left to the jury. There was testimony here to show not only that the light was green, a light maintained and operated by the defendant, not alone a few seconds before she entered the tracks, but also while the automobile of the plaintiff was on the tracks and while this did not give the plaintiff absolute right of way and to proceed solely in reliance thereof, it did constitute an invitation by the defendant to cross and the driver of the motor vehicle has the right of way. While there was testimony from which the jury might have concluded the plaintiff was contributorily negligent, that is from the testimony of the witness Callahan, who said he saw the automobile and the trolley approach the crossing at about the same time and while this testimony was in the plaintiff's case, it was nevertheless the function of the jury to decide the same. Cronmuller v. Evening Telegraph, 232 Pa. 14, 81 A. 58.

The green signal, such as the testimony shows was in favor of the plaintiff, and as indicated before, while not an absolute command to go, constitutes a permission to proceed lawfully and carefully across the tracks. Byrne et al. v. Schultz (Stone et al.), 306 Pa. 427, 160 A. 125. This the plaintiff did, she stopped within two feet of the east railway track, looked down the tracks and for a distance of 150 to 200 feet she saw nothing and proceeded across and when she apparently had gotten across the second track, except for the rear end of the vehicle, it was struck by the oncoming train. In view of the light being in her favor and her stopping and looking and listening, the plaintiff it seems did everything which was requisite of her or at least that which would require a jury to pass upon her alleged contributory negligence. It was not required after having once stopped —she was not bound as a matter of law— to again stop in or between the tracks to again look. Cranston v. Baltimore & O.

R. Co., 3 Cir., 109 F.2d 630, 634; Murtagh v. Director General, 271 Pa. 290, 292, 112 A. 436; Cohen v. Philadelphia & Reading R. Co., 211 Pa. 227, 60 A. 729.

Motion for judgment n.o.v. denied.