## WISNEWSKI v. BALTIMORE & OHIO R. CO.

### No. 10269.

United States Court of Appeals Third Circuit.

Argued Nov. 13, 1950.

Decided Jan. 11, 1951.
Rehearing denied Feb. 7, 1951.

Before MARIS, McLAUGHLIN, and STALEY, Circuit Judges.

Vincent M. Casey, Pittsburgh, Pa. (Casey, Power & Savage, Pittsburgh, on the brief), for appellant.

Alex J. Bielski, McKeesport, Pa. (Harvey E. Schauffler, Jr., Pittsburgh, Pa., on the brief), for appellee.

STALEY, Circuit Judge.

This was an action by plaintiff, a pedestrian, against defendant railroad to recover damages for personal injuries suffered by plaintiff in a grade crossing accident. After verdict and judgment for plaintiff, the motions of defendant for judgment n. o. v. and for a new trial were denied.

Diversity of citizenship is the basis of federal jurisdiction, and Pennsylvania law governs the substantive rights of the parties. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The facts, interpreted in the light most favorable to plaintiff, briefly are as follows:

On January 20, 1947, plaintiff, a pedestrian, was injured at the Sixth Street crossing of the railroad of defendant in the Borough of Braddock, Allegheny County, Pennsylvania. The time was in the early evening. The sun had set. Smoke overhung the crossing, and there was some fog. There is evidence that the train which struck plaintiff was running without lights and without giving any warning by means of bells or whistles. Plaintiff stopped at the public crossing and waited at the rear of a small group of people while a freight train passed. After the freight train had cleared the crossing, the group in front of plaintiff crossed the tracks, and plaintiff followed at a short distance to the rear.

At this crossing, the railroad of defendant consists of six sets of tracks. There is ample evidence to the effect that plaintiff stopped, looked, and listened before walking to the first set of tracks. Crossing the first set of tracks, plaintiff looked to the right and to the left and listened before entering upon the second set of tracks. While walking toward the third set of tracks, plaintiff looked to the right and, while moving his head from the right to the left, he felt a sudden vibration. Completing the turn of his head to the left, he noticed the train of defendant a short distance away from him. He became bewildered, did not know what to do, and was struck by the train of defendant.

Defendant contends that upon these facts, which admittedly are the facts most favorable to plaintiff, plaintiff was guilty of contributory negligence as a matter of law, and that judgment should have been entered in favor of defendant, or, in the alternative, defendant should have been granted a new trial.

■ Defendant is attempting to bring the facts of this case within a rule long established in Pennsylvania known as the "incontrovertible physical fact" rule.[1] The substance of this rule is that a man will not be heard to say that he stopped, looked, and listened if, upon his entering a crossing, he is immediately hit by an oncoming train; for it is obvious that such plaintiff either did not stop, look, and listen, or, if he did so, it was in a careless manner. When the facts are thus so clear that the accident could not have occurred but for the negligence of plaintiff, then the court will hold as a matter of law that he is negligent.

■ After a careful consideration of numerous Pennsylvania cases applying the "incontrovertible physical fact" rule, this court has concluded that the rule is not applicable to the facts of the instant case, and that the district judge properly left the question of contributory negligence to the jury.

Of the cases cited by able counsel for the parties, Murtagh v. Director General of Railroads, 1921, 271 Pa. 290, 112 A. 436, and Welsh v. Pennsylvania R. Co., 1933, 313 Pa. 87, 169 A. 95, are factually closest to the case at bar.

In the Murtagh case, the plaintiff-pedestrian was struck by the train of defendant while he was crossing a five-track grade crossing. The time was early morning. There was evidence that plaintiff stopped, looked, and listened before proceeding to cross the first track. Plaintiff was struck on the fourth track. The Supreme Court of Pennsylvania held that the trial court had properly submitted the issue of contributory negligence to the jury. In so deciding, the court declared: "The measure of care by users of railroad crossings is exercised when the person stops at a place of safety where he can see, before going on the road, looks and listens, and, when neither seeing nor hearing danger, proceeds to cross. While in the act of crossing, he must be vigilant to apprehend approaching trains. His failure to do so may be negligence and a question for the court, but in no case has it been held he must stop, look, and listen on the tracks

---

1. This rule is usually traced back to Carroll v. Pennsylvania R. R. Co., 12 Wkly. Notes Cas. 348, 349, where the court stated: "It is in vain for a man to say that he looked and listened, if, in despite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive." See Usher v. Pittsburgh & Lake Erie R. Co., 1940, 340 Pa. 234, 239, 16 A.2d 387, 389.

or between them while in the act of crossing."[2]

The Murtagh case was followed in Welsh v. Pennsylvania R. Co., supra,[3] and Usher v. Pittsburgh & Lake Erie R. Co., 1940, 340 Pa. 234, 16 A.2d 387,[4] in which cases the Pennsylvania Supreme Court emphasized that the "incontrovertible physical fact" rule is limited, in crossing cases, to the situation where a person enters the crossing and is struck instantaneously.

The rule was further qualified in Scholl v. Philadelphia Suburban Transp. Co., 1947, 356 Pa. 217, 51 A.2d 732, in which the court declared that where an obstruction to visibility exists, the "incontrovertible physical fact" rule is rendered less applicable.[5] Similarly, in the instant case, plaintiff's inability to see or hear the onrushng train because of poor visibility and the absence of any warning signal would be another factor tending to make the same rule inapplicable here.

In Cranston v. Baltimore & O. R. Co., 3 Cir., 1940, 109 F.2d 630 this court was confronted with a factual picture quite similar to the one in the instant case. That case involved a grade crossing accident in Pennsylvania between a taxi and train. The evidence indicated that the taxi driver stopped approximately three feet from the first rail of a four-track crossing. The visibility was limited by fog. The driver neither observed nor heard a train. While proceeding across the third rail, the taxi was struck by the train. This court, applying Pennsylvania law, held that the "incontrovertible physical fact" rule was not applicable to the facts of that case.[6]

The appellant has cited many cases, all of which are distinguishable on their facts.[7] Judgment n.o.v. for defendant was affirmed in Fidelity Trust Co. v. Pennsylvania R. Co., 1937, 326 Pa. 195, 191 A. 609 where, although the pedestrian's vision was limited, the locomotive was going so slowly that it stopped eight or ten feet from the point where it had struck plaintiff. The court there said, "An alert man could not have been struck under such circumstances."[8]

In the case at bar, there is much conflict as to the distance which the locomotive of defendant traveled after the emergency brakes were applied. The testimony most favorable to plaintiff indicates that the locomotive traveled from 140 to 160 feet from the point of impact. The engineer of the train, a witness for defendant, testified that the train traveled 85 or 90 feet. The visibility, as has been stated, was limited. Plaintiff admitted that he could see the two lanterns on the back of the freight train which had passed, when it was about 50 yards beyond the crossing. Although he could see the shape of the receding train, he undoubtedly was aided somewhat by the two lanterns. The jury could well reason that, unaided by any lanterns or light, plaintiff would be unable to see an equal distance in the other direction.

2. 271 Pa. at page 292, 112 A. at page 436.

3. In the Welsh case, plaintiff, a pedestrian, was struck by the defendant's train on the fifth track of a five-track crossing. The time was 9:30 p.m. in March. The track curved in the direction from which the train came, limiting plaintiff's unobstructed view to 360 feet. The court held that the trial court properly submitted the issue of contributory negligence to the jury.

4. See also Harris v. Reading Co., 1937, 325 Pa. 296, 189 A. 337, and Hisak v. Lehigh Valley Transit Co., 1948, 360 Pa. 1, 59 A.2d 900.

5. The Scholl case was followed in Hisak v. Lehigh Valley Transit Co., 1948, 360 Pa. 1, 59 A.2d 900.

6. See Brown v. Dorney Park Coaster Co., 3 Cir., 1948, 167 F.2d 433. Cf. Baltimore & O. R. Co. v. Muldoon, 3 Cir., 1939, 102 F.2d 151, and Bastian v. Baltimore & O. R. Co., 3 Cir., 1944, 144 F.2d 120, where the rule was applied in substantially different fact situations.

7. Provost v. Director General of Railroads, 1920, 265 Pa. 589, 109 A. 595; Nolder v. Pennsylvania R. Co., 1924, 278 Pa. 495, 123 A. 507; Tull v. Baltimore & O. R. Co., 1928, 292 Pa. 458, 141 A. 263; and Ramsey v. Baltimore & O. R. Co., 1939, 336 Pa. 498, 9 A.2d 348.

8. 326 Pa. at page 197, 191 A. at page 609.

In the alternative, the defendant has asked that it be granted a new trial because the verdict was against the evidence and the weight of the evidence. This is a matter peculiarly for the court below and its refusal to grant a new trial for that reason is not a matter for review in the absence of a clear abuse of discretion. Hill v. Pennsylvania Greyhound Lines, 3 Cir., 1949, 174 F.2d 171. No such abuse of discretion is apparent here.

The judgment of the district court will be affirmed.