**Anna P. PIESESKI, Administratrix of the Estate of John C. Pieseski, Deceased,**

v.

**BALTIMORE & OHIO RAILROAD COMPANY, a Corporation.**

**Anna P. Pieseski, Appellant.**

**No. 16647.**

United States Court of Appeals Third Circuit.

Argued March 4, 1968.

Decided May 13, 1968.

---

Before HASTIE, Chief Judge, and SEITZ and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal is from a verdict entered for defendant-appellee, Baltimore & Ohio Railroad Company, on the grounds that the plaintiff-appellant's decedent was contributorily negligent as a matter of law. The suit below, a diversity action, sought damages under the Wrongful Death Acts and the Survival Act of the Commonwealth of Pennsylvania for the death of John C. Pieseski, who was fatally injured on July 10, 1964, in a grade-crossing accident when struck by one of appellee's trains.

Pieseski lived in a second-floor apartment with an opening on Tube Works Alley in McKeesport, Pa. The back of the apartment faced onto two tracks of the appellee and Pieseski apparently crossed these tracks at the Tube Works Alley crossing every day on his way to catch a bus for work. The fatal accident occurred shortly after 9 P.M. on a clear, dry evening while Pieseski was proceeding to catch such a bus. Appellant maintains that the accident resulted from the railroad's negligence and a combination of these factors: (1) a boxcar on a siding that ended at the Tube Works Alley obstructed Pieseski's view to his right; (2) the train coming from the right proceeded along a left-curving track, which threw the engine's light beam away from Pieseski and guaranteed that the engine's hood would block the view of the engineer sitting at the engine's right; (3) the hour of the evening, with buildings backing on the tracks having lights which obscured the engine's head lamps; (4) the absence of any fireman on the left side of the engine to observe the decedent; (5) the rough surface of the crossing, making it necessary to look down for holes while crossing; and (6) the lack of any crossing gates or bells, or special instructions to the engineer despite the fact that there

Richard H. Galloway, McArdle & McLaughlin, Pittsburgh, Pa., for appellant.

Gary F. Sharlock, Mercer & Buckley, Pittsburgh, Pa., for appellee.

had been several accidents at the Tube Works Alley crossing since 1956.

Other testimony of the appellant's witnesses and uncontroverted testimony of Railroad witnesses, however, also established that Pieseski was thoroughly familiar with the crossing, walking across the two tracks daily on his way to work. On the other side of the tracks from decedent's apartment, approximately 25 feet from Pieseski as he crossed the tracks, there was a watchtower with a ringing bell heard 250 feet away by one of appellant's witnesses. To Pieseski's right were two other crossings: the Ringgold Street crossing 50 feet away, protected by crossing gates; and the Fifth Avenue crossing 350 feet away, protected by gates, flashing lights, and a ringing bell. According to appellant's witnesses, all these gates were down, with the lights flashing and bells ringing, at the time of the accident. Appellant's witnesses at the Fifth Avenue crossing also saw Pieseski cross in front of the train; either the train or the Fifth Avenue warning signals were, consequently, according to this witness, visible to Pieseski had he looked to his right and whether or not (as the Railroad denies) there was a boxcar on a siding to Pieseski's right as he started across the two tracks. There is no doubt whatever that the decedent would have seen the Ringgold Street gates in the closed position (down) if he had looked to his right. In addition, to Pieseski's left, 200 to 250 feet away at the Sixth Avenue crossing, were additional gates, also down, and another watchtower with a ringing bell. A witness at this location also saw the decedent cross in front of the train and the decedent's daughter testified that the Sixth Avenue bell could be heard at Tube Works Alley.

It is not disputed that the engine's twin headlamps were burning nor that the engine had a ringing bell. The engineer testified that the train was suddenly put in emergency when it was just past the Ringgold Street crossing. The train, concededly going not more than 15 miles per hour, was stopped in approximately 270 feet, despite the fact that it had 157 cars. The Railroad's testimony that a brakeman stationed on the left side of the engine put the train in emergency stop just as it reached the Ringgold Street crossing, where he saw decedent walk rapidly, looking straight ahead, toward the track, is not controverted by the appellant's witness, who testified there was no fireman on duty at the left of the engine. All concede that the engineer's view of Pieseski was totally blocked by the engine hood; he never would have even known a man was hit. Yet someone stopped the train in a short emergency stop.

On the basis of these facts, and after the jury, unable to reach a verdict, was discharged, the trial judge ruled that the decedent Pieseski was contributorily negligent as a matter of law and directed a verdict for the defendant Railroad.

■■ The appellant contends vigorously that a directed verdict was improper in this case. This contention is based on the rule that in a directed verdict for the defendant, the evidence must be viewed most favorably for the plaintiff,[1] and on the negligence rule that there is substantial evidence, sufficient to take the case to the jury, if reasonable men might differ in their conclusions based on the evidence.[2] The conclusion that this case should have been decided by a jury, the appellant contends, is inescapable if the court gives proper effect to the Pennsylvania rule that in a fatal accident the decedent is presumed to have exercised due care for his own safety. Baker v. Pennsylvania R. Co., 369 Pa. 413, 85 A.2d 416 (1952); Travis v. Pennsylvania R. Co., 377 Pa. 537, 105 A.2d 131 (1954); Keasey v. Pittsburgh & Lake Erie Railroad Company, 404 Pa. 63, 170 A.2d 328 (1961).

1. See, e. g., Nicolls v. Scranton Club, 208 F.2d 874, 876 (3rd Cir. 1954); Sano v. Pennsylvania Railroad Company, 282 F. 2d 936, 938 (3rd Cir. 1960).

2. See, e. g. Woods v. National Life and Accident Insurance Company, 347 F.2d 760, 768 (3rd Cir. 1965); Ryan Distributing Corporation v. Caley, 147 F.2d 138, 140 (3rd Cir. 1945).

■ However, the record before us sustains the appellee's counter-argument that this case falls within an exception to the "presumption of due care" rule. In Pennsylvania, contributory negligence as a matter of law can be found in such circumstances when contributory negligence is established "by uncontrovertible physical facts." Fidelity Trust Co. v. Pennsylvania R. Co., 326 Pa. 195, 191 A. 609 (1937); Bastian v. Baltimore & O. R. Co., 144 F.2d 120, 124 (3rd Cir. 1944). Particularly are we persuaded that the decision below was correct since facts proved by the plaintiff's own witnesses establish the uncontrovertible physical facts of ample warning and more than sufficient opportunity to observe the slowly oncoming engine prior to the accident. E. g., Ferencz v. Pittsburgh Rys. Co., 341 Pa. 369, 19 A.2d 385, 388 (1941);[3] Johnstone v. Reading Company, 248 F.2d 71, 74 (3rd Cir. 1957); and see Jursic v. Pittsburgh & Lake Erie R. Co., 376 Pa. 142, 102 A.2d 150, 154–155 (1954), distinguishing Baker v. Pennsylvania R. Co., supra, relied upon here by the appellant, and observing, in a slowly moving train situation, that persons crossing the tracks have a continuing duty to look for approaching trains.

The appellant makes an additional contention that the trial court erred in ruling admissible certain post-mortem evidence of the alcoholic content of the decedent Pieseski's blood as evidence of intoxication. Although this contention raises questions concerning 28 U.S.C. § 1732 and questions of the proper foundation for such Coroner's reports and their status as records made in the regular course of business, we do not need to decide this issue on this appeal. The evidence establishes the decedent's contributory negligence as a matter of law, without any need for consideration of the decedent's alleged intoxication. Cf. Parker v. Reading Company, 363 F.2d 608, 610 (3rd Cir. 1966).

Accordingly, the judgment of the District Court will be affirmed.

3. See, also, e. g., Allison v. Snelling & Snelling, Inc., 425 Pa. 519, 229 A.2d 861, 864 (1967).